```
         UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                    CHARLESTON
```

**LISA D. ALLIE,**

    **Movant,**

**v.**                                    **Case No. 2:05-cv-00928**
                                              **Case No. 2:03-cr-00250**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Movant, Lisa D. Allie's (hereinafter "Defendant"), Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Docket sheet document # 34). This matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(b).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the United States' response and as summarized in Defendant's Presentence Investigation Report, on January 9, 2003, two undercover officers with the Logan County West Virginia Drug Task Force made two purchases of cocaine base from Defendant, in or near the Cora Alley area of Logan County. The first purchase was for $30 and the second, later that same day, was for $40. Analysis of the substances purchased from Defendant by the West Virginia State Police Forensic Laboratory revealed that Defendant had sold

the undercover officers a total of .24 grams of cocaine base on January 9, 2003.

On January 16, 2003, the same undercover officers purchased another quantity of cocaine base from Defendant for $30.  The lab analysis on that substance revealed a total of .12 grams of cocaine base.  Thus, the total amount of cocaine base sold by Defendant to the undercover officers was .36 grams.

On February 20, 2003, Defendant was interviewed by state authorities concerning her arrest on a charge of writing bad checks.  Prior to entering into any agreement with federal authorities concerning the unrelated drug buys, Defendant, in the presence of her state court-appointed counsel, Jason D. Harwood, signed a waiver of her Miranda rights and admitted to selling approximately $7,000 of cocaine base for various suppliers.

On November 6, 2003, the United States filed a one-count Information charging Defendant with distribution of a quantity of cocaine base, in violation of 21 U.S.C. § 841(a)(1).  Dennis H. Curry was appointed to represent Defendant on the federal charge.

On March 24, 2004, Defendant pled guilty (# 8), pursuant to a written plea agreement (# 7), to the charge contained in the Information.  During the plea hearing, the presiding District Judge conducted a proper inquiry under Rule 11 of the Federal Rules of Criminal Procedure, assuring that there was a factual basis for the plea, that Defendant understood the nature of the charge and the

maximum penalty she faced, and the rights that she was waiving by entering the guilty plea.  The presiding District Judge found that Defendant's guilty plea was knowing and voluntary.

In a presentence interview conducted on April 12, 2004, Defendant again admitted that she had sold approximately $7,000 of cocaine base.  On May 17, 2004, the United States Probation Office submitted a Presentence Investigation Report ("PSR") which converted the $7,000 to grams for sentencing purposes.  Calculated at $200 per gram of cocaine base, the PSR attributed 35 grams of cocaine base to Defendant as relevant conduct, which placed Defendant at a Guideline offense level of 30.

Defendant objected to the PSR, stating that the base offense level should be 28.  In the addendum to the PSR, the probation officer stated that, in her view, 35 grams was a conservative drug weight in this matter, and did not alter the report.

It appears, from the record, that Defendant's sentencing hearing was continued on several occasions, due to counsel's trial schedule, and in light of the Supreme Court's ruling in <u>Blakely v. Washington</u>, 540 U.S. 965 (2004), and while the court was awaiting the Supreme Court's subsequent ruling in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which applied the holding in <u>Blakely</u> to the United States Sentencing Guidelines.

On June 15, 2005, the United States filed a Motion for Substantial Assistance, pursuant to section 5K1.1 of the United

3

States Sentencing Guidelines.  At Defendant's sentencing hearing on July 12, 2005, the presiding District Judge lowered Defendant's base offense level to 28 and granted the United States' Motion for Substantial Assistance, which reduced the total offense level to 25.  With a criminal history category of II, Defendant's Guideline imprisonment range was 63 to 78 months.  However, the presiding District Judge departed below the Guideline range and sentenced Defendant to 27 months of imprisonment, followed by a three-year term of supervised release.  Defendant's Judgment order was entered on July 29, 2005.  (# 30).

Defendant did not appeal her conviction or sentence to the United States Court of Appeals for the Fourth Circuit.  However, on November 22, 2005, Defendant filed the instant Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  (# 34).  In the motion, Defendant raised the following five claims: (1) that she was denied her Sixth Amendment right to effective assistance of counsel due to her state appointed counsel's failure to remain in her presence for the entire interview on February 20, 2003; (2) that her Fifth and Sixth Amendment rights were violated by government interference with her attorney-client relationship with her state court-appointed counsel during the interview on February 20, 2003; (3) that her Fifth Amendment right against self-incrimination was violated when she was tricked or coerced into making erroneous statements outside the presence of her state

4

court-appointed counsel, following a waiver of her Miranda rights on February 20, 2003; (4) that her Fifth and Fourteenth Amendment rights were violated when she was questioned without her state court-appointed counsel present on February 20, 2003; and (5) that her Fifth and Sixth Amendment rights were violated by a "Lack of Fact Finding to Support Sentence Enhancement Beyond Sentencing Guideline Range," in violation of Blakely v. Washington, 540 U.S. 965 (2004) and United States v. Booker, 125 S. Ct. 738 (2005).

On December 27, 2005, the United States filed a Response to Defendant's section 2255 motion, asserting that Defendant's claims are procedurally defaulted and/or lack substantive merit. (# 38).

On January 31, 2006, Defendant filed a Motion for Leave to Supplement her section 2255 motion with a claim that her federal court-appointed counsel, Dennis H. Curry, refused to file an appeal to the Fourth Circuit upon Defendant's request, in violation of her Sixth Amendment rights. (# 39). Also on January 31, 2006, the United States filed its reply brief. (# 40).

On February 1, 2006, the undersigned granted Defendant's Motion for Leave to Supplement, and ordered that the United States respond concerning Defendant's claim that she was denied a direct appeal. The United States filed its response, including an Affidavit of Dennis H. Curry, on March 1, 2006. (# 42). Defendant filed a reply brief on March 23, 2006. (# 43).

5

On October 10, 2006, the undersigned conducted a status conference to determine whether Defendant, who was approaching the commencement of her term of supervised release still intended to pursue all of the claims raised in her section 2255 motion, including her counsel's failure to file an appeal. Defendant stated that she did wish to proceed on all of the claims raised in her motion, and the undersigned determined that an evidentiary hearing would be necessary to obtain additional evidence concerning the failure of her attorney to file an appeal. Accordingly, the undersigned directed that counsel be appointed to represent Defendant, upon a determination that Defendant so qualified. (# 49).

On November 13, 2006, Carl J. Dascoli was appointed to represent Defendant. (# 51). However, for personal reasons, Mr. Dascoli was unable to continue his representation of Defendant. Thus, on January 19, 2007, the undersigned appointed attorney Jane Moran to represent Defendant. (# 52).

Ms. Moran obtained copies of the transcripts of various proceedings in Defendant's criminal case and counseled Defendant about her claims. On April 10, 2007, Defendant, by counsel, filed a Motion to Withdraw her 28 U.S.C. § 2255 Motion (# 58). According to the motion, "Defendant has made this decision following consultation with her lawyer and thoughtful consideration." (Id.) The motion also includes a copy of a letter from Defendant

authorizing Ms. Moran to file the Motion to Withdraw the section 2255 motion.  (Id.)

## ANALYSIS

Based upon Defendant's letter attached to the Motion to Withdraw, the undersigned proposes that the presiding District Judge **FIND** that Defendant wishes to voluntarily dismiss her Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Defendant's section 2255 motion, without prejudice, pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings and Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The undersigned notes that, generally, only one motion filed under 28 U.S.C. § 2255 concerning a particular judgment will be entertained by a district court. A second or successive motion concerning the same judgment must be certified as provided in 28 U.S.C. § 2244(b).  See 28 U.S.C. §§ 2244(b) and 2255.

However, in light of Defendant's request to voluntarily withdraw her section 2255 motion before a decision on the merits has been rendered, the undersigned further proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion shall not be counted as a prior motion adjudicated on the merits for purposes of 28 U.S.C. § 2255.  Nevertheless, Defendant is further advised that, although her present Motion to Vacate, Set Aside or Correct Sentence was filed within the one year limitation

period described in 28 U.S.C. § 2255, any subsequent motion filed pursuant to section 2255 will likely be untimely.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney, Judge Copenhaver, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and counsel of record.

    April 23, 2007
        Date

Mary E. Stanley
United States Magistrate Judge